OPINION of the Court, by
Judge Owsiey.
This is a contest for land, under adverse interfering claims. Fowler, who was complainant in the court below, asserted his claim under the following entry :
“6th December 1784 — John Williams, assignee of James Parberry, enters 139 acres of land on part of a treasury warrant, No. 7423, on the south fork of Elk-horn ; beginning at a honey locust and mulberry, the most northeastwardly corner of Isaac M’Bride’s 400 acre pre-emption ; thence south 20 west with said line 253 poles, to a buckeye and two sugar trees, corner to the said pre-emption ; thence south 70 east to M’Con-pel’s 400 acre pre-emption ; thence north 30 west with said pre-emption to the corner ; thence north 60 east 60 poles; thence north 20 east so far that a line north 70 west will run to the beginning.”
Before the date of this entry, M’Bride had an entry of 400 acres on a pre-emption warrant on the south fork of Elkhorn, but*its calls are so vague and indefinite that unaided by other circumstances it cannot give sufficient certainty to the entry of Williams,
*574 Tlte entry of M’Bridc is, however, sufficient to show a claim upon the south fork ofElkhorn ; and before the date of the entry of Williams, from the evidence exhibited in this cause, it is abundantly proved that M’Bride had a survey actually made, with lines and cor, hers corresponding with the calls of Williams’s entry, and that the land so surveyed had at the date of the entry actually acquired the general reputation ofM’ Bride’s pre-emption.
The survey of M’Bride, thus proved to have b.een made, it is true, was not at the date of Williams’s entry of record, nor does it appear from the certificate of survey exhibited in this cause, to have been then made ; but as the making the survey before then is clearly established by parol evidence, and the land so surveyed is proved to have been at that time generally known as M’Bride’s pre-emption, a subsequent adventurer, desirous of ascertaining the beginning of Williams, could not have entertained a reasonable doubt but that the locust and mulberry marked as the northeast corner of the survey made for M’Bride must have been intended by the maker of the entry ; and if so. no difficulty could have occurred in finding the land described by the entry.
If, however, upon finding the northeast corner of the survey shown to have been made for M’ ride, a doubt could have existed, it could by the exercise of a slight degree of diligence have been easily obviated ; for by pursuing the calls of the entry, a survey which had been long before made for M’Connel, and which must at the date of the entry have been of record, not more than 180 poles from M’Bride’s corner, would have been found presenting lines and angles corresponding with Williams’s calls.
Assuming these to be the surveys which Williams ought to adjoin, his entry has been correctly surveyed by beginning at the northeast corner of M’Bride, and extending with his lines and those of M’Connel, according to the calls of the entry, for quantity.
Fowler, therefore, as he derives his claim through Williams, should have had a surrender of the appellees* title, unless the entry under which they hold is also shown to contain the requisites of a valid entry.
With respect to that entry, it need, however, only be remarked, that it was not relied upon in argument, and is altogether unsupported in proof.
*575 The decree must therefore be reversed, the cause re-mantled and such further proceedings had as may be consistent with this opinion.
The appellant must recover his costs in this court.